**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTOINE DESHAWN BARNES,<br><br>   Plaintiff,<br><br> v.<br><br>VAN NESS, et al.,<br><br>   Defendants. | Case No. 1:20-cv-00625-NONE-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO SUPPLEMENT COMPLAINT<br><br>(ECF No. 8)<br><br>ORDER FOR PLAINTIFF TO:<br><br> (1) NOTIFY THE COURT THAT HE WANTS TO PROCEED ONLY ON THE CLAIM FOUND COGNIZABLE BY THIS ORDER;<br><br> (2) FILE A FIRST AMENDED COMPLAINT; OR<br><br> (3) NOTIFY THE COURT THAT HE WANTS TO STAND ON HIS COMPLAINT, SUBJECT TO THIS COURT ISSUING FINDINGS AND RECOMMENDATIONS TO A DISTRICT JUDGE CONSISTENT WITH THIS ORDER<br><br>(ECF NO. 1)<br><br>THIRTY (30) DAY DEADLINE |

**I. BACKGROUND**

Antoine Barnes ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* with

1

this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on May 1, 2020. (ECF No. 1). The complaint is before this Court for screening.

The Court has reviewed the complaint and finds that the following claim should proceed passed screening: Plaintiff's Eighth Amendment sexual harassment claim against Deputy Van Ness. The Court also finds that no other claims should proceed passed screening.

Plaintiff now has options as to how to move forward. Plaintiff may file an amended complaint if he believes that additional facts would state additional claims. If Plaintiff files an amended complaint, the Court will screen that amended complaint in due course. Alternatively, Plaintiff may file a statement with the Court saying that he wants to go forward only on the claim identified above. Finally, Plaintiff may file a statement with the Court saying that he wants to stand on this complaint and have it reviewed by a district judge, in which case the Court will issue findings and recommendations to a district judge consistent with this order.

**II.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 7), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id. at 679.  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted).  Additionally, a plaintiff's legal conclusions are not accepted as true.  Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

### III.   SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff's complaint alleges the following:

Plaintiff filed a sexual harassment complaint dated April 21, 2020, with Sergeant Long against Deputy Van Ness.  Plaintiff was sexually harassed again on April 25, 2020.

After Plaintiff filed his first sexual harassment complaint, Sheriff Administration allowed Deputy Van Ness to retaliate on April 25, 2020, by invading Plaintiff's privacy and bullying Ms. Espinoza, who was doing welfare checks.  Deputy Van Ness was supposed to have been watching a plumber fix a cell toilet downstairs.  In retaliation, Deputy Van Ness held his keys and crept upstairs by "earhustling" through an earphone piece connected to his walkie talkie on his body.  Deputy Van Ness had a tech booth officer assist him in sexually harassing Plaintiff by patching Plaintiff's cell intercom speaker to Deputy Van Ness's walkie talkie.  The tech booth officer told Deputy Van Ness to walk up on Plaintiff's cell quietly while he was masturbating in private.

After Deputy Van Ness sexually harassed Plaintiff twice on the P.M. shift in the B3 building, Deputy Van Ness abused his authority by having the A.M. shift racially target and racially profile Plaintiff.  Deputy Van Ness had Sheriff Shaffer, Deputy Gomez, Deputy Robles, and Deputy Hicks "retaliate there [sic] sexual harassment plot, hate crime for all these deputys [sic] work B3."  Plaintiff is being retaliated against due to a civil case he filed against

their fellow deputies.

Deputy Van Ness, in retaliation, is continuing to sexually harass Plaintiff by "abusive authority, hate crimes, by telling these listed involved deputys [sic] to try to get female deputys [sic] to file another 314 case" to try to stop Plaintiff from being released from Hanford Jail.

Plaintiff is being subjected to illegal entrapment, retaliation, reprisal, by Kings County Jail Administration, which is allowing deputies to sexually harass and target Plaintiff's penis. Deputy Van Ness spread hate emails to other male homosexual deputies through a conspired plot.  If a female deputy hears Deputy Van Ness telling other male deputies with women around those women will "feel fronted off."  Deputy Van Ness, through threats, abusive authority, coercion, and bribery, is trying to get women to set Plaintiff up.

Plaintiff was sentenced and placed into California Department of Corrections and Rehabilitation ("CDCR") custody, but Hanford Superior Court deputies did not fax his sentencing papers to CDCR.  They did this as part of a hate crime conspiracy to set Plaintiff up.

Plaintiff's life and release date are in grave danger because sheriffs in B3 building continue to retaliate, racially target, and racially profile Plaintiff by having the tech booth officer "earhustle" on turning up the volume to violate Plaintiff's privacy.

On June 17, 2020, Plaintiff filed what the Court construes as a motion to supplement his complaint.

Plaintiff alleges that on June 10, 2020, Deputy Ms. Kennedy implemented her involvement in retaliation to sexually harass Plaintiff for filing this lawsuit.  Sheriff Administration placed a known promiscuous black female sheriff named "Kennedy" to sexually harass, racially target, and racially profile Plaintiff.  This was a racially motivated conspiracy by white sheriffs.

At midnight on June 10, 2020, Deputy Kennedy yelled out loud to "alarm racist, hatecrime [sic] inmate racial groups/gangs by saying 'your [sic] as nasty 290 stop that shit coverup."  This statement alarmed racist Hispanic gangs in cell 47 and a black "crip" gang inmate in cell 44 who spread hate mail paper to all other inmate cells throughout B3 pod to call Plaintiff a "chomos."  Plaintiff believes this word means rapist, child molester, and sex

offender.

Deputy Kennedy told inmates in cell 47 whom she favors to stab, attack, and kill Plaintiff. When Deputy Kennedy is allowed to walk B3 tiers doing thirty-minute welfare checks, she peeks into every cell and masturbates, watching and allowing certain inmates to masturbate back to her.

Plaintiff is being retaliated against and sexually harassed by Deputy Kennedy because he filed this civil action. Deputy Kennedy is part of a sexual harassment conspiracy, and Plaintiff demands a PREA investigation to immediately remove Deputy Kennedy to prevent further retaliation.

Plaintiff alleges the CDCR Director "is in on" the conspiracy by denying Plaintiff his 33% Proposition 57 early release credits. The Director is allowing the Sherriff's Administration to hold Plaintiff hostage passed his release date of June 5, 2020, to set up illegal entrapments due to a different civil rights case Plaintiff filed.

## IV. EVALUATION OF CLAIMS IN PLAINTIFF'S COMPLAINT

### A. Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted

5

under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").  A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'"  Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms."  Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743).  This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause."  Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-77.  In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff.  See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 695 (1978).

### B. Motion to Supplement Complaint

Plaintiff's motion to supplement will be denied.  To begin, Plaintiff failed to comply with Local Rule 220, which states that, "[u]nless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading.  No pleading shall be deemed amended or supplemented until this Rule has been complied with."

Additionally, Plaintiff's supplemental pleading does not appear to be related to the claims in his complaint.  A complaint must comply with the requirements of Federal Rules of

Civil Procedure 18 and 20. Under these rules, a plaintiff may not proceed on a myriad of unrelated claims against different defendants in a single action. Fed. R. Civ. P. 18(a), 20(a)(2). "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." K'napp v. California Dept. of Corrections, 2013 WL 5817765, at *2 (E.D. Cal., Oct. 29, 2013), aff'd sub nom. K'napp v. California Dept. of Corrections & Rehabilitation, 599 Fed. Appx. 791 (9th Cir. 2015) (alterations in original) (quoting George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Fed. R. Civ. P. 20(a)(2) ("Persons … may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.").

      Here, Plaintiff's allegations in his supplement appear to have no relation to the claims in his complaint. The claims in the supplement are against different defendant(s) and appear to involve different and unrelated incidents.[1] While Plaintiff attempts to connect the claim(s) in his supplement to the claims in his complaint by alleging a conspiracy, Plaintiff's conclusory allegations are not enough to state a conspiracy claim. Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) ("[M]ore than vague conclusory allegations are required to state a [conspiracy] claim.").

---

[1] Plaintiff has alleged that Deputy Kennedy watched inmates masturbate when doing welfare checks, but Plaintiff did not allege that she watched or listened to him masturbate.

Accordingly, Plaintiff's motion to supplement his complaint will be denied. If Plaintiff chooses to amend his complaint, he may include the allegations he made in his supplement, but Plaintiff must connect those allegations to the other allegations in his complaint. Otherwise, Plaintiff must file a separate action if he wants to assert the claim(s) in his supplement.

**C. Sexual Harassment**

Sexual harassment or abuse of an inmate by a prison official is a violation of the Eighth Amendment. Wood v. Beauclair, 692 F.3d 1041, 1046, 1051 (9th Cir. 2012) (citing Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000)). In evaluating such a claim, "courts consider whether 'the official act[ed] with a sufficiently culpable state of mind'"—the subjective component—"and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation"—the objective component. Wood, 692 F.3d at 1046 (alteration in original) (quoting Hudson v. McMillian, 503 U.S. 1, 8 (1992)). As "sexual assault serves no valid penological purpose … where an inmate can prove that a prison guard committed a sexual assault, we presume the guard acted maliciously and sadistically for the very purpose of causing harm, and the subjective component of the Eighth Amendment claim is satisfied." Bearchild v. Cobban, 947 F.3d 1130, 1144 (9th Cir. 2020) (citing Wood, 692 F.3d at 1050; Schwenk, 204 F.3d at 1196 n.6). "Any sexual assault is objectively 'repugnant to the conscience of mankind' and therefore not *de minimis* for Eighth Amendment purposes." Bearchild, 947 F.3d at 1144 (quoting Hudson, 503 U.S. at 10).

In sum,

> a prisoner presents a viable Eighth Amendment claim where he or she proves that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner.

Bearchild, 947 F.3d at 1144. "In a case … where the allegation is that a guard's conduct began as an invasive procedure that served a legitimate penological purpose, the prisoner must show that the guard's conduct exceeded the scope of what was required to satisfy whatever

institutional concern justified the initiation of the procedure." Id. at 1145

Here, Plaintiff has not alleged he was sexually assaulted. However, he has alleged that Deputy Van Ness snuck up to his door, and with the help of the tech booth officer, listened to Plaintiff masturbate. It is not entirely clear, but Plaintiff appears to allege that this happened more than once. Based on Plaintiff's allegations, there appears to have been no legitimate penological justification for Deputy Van Ness's conduct.

Liberally construing Plaintiff's complaint, the Court will allow Plaintiff's claim against Deputy Van Ness to proceed passed the screening stage.

Plaintiff has failed to state a sexual harassment claim against any other defendant. There are no allegations that any other defendant listened to Plaintiff while he masturbated.

### D. Retaliation in Violation of the First Amendment

A retaliation claim requires "five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted); accord Watson v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

While prisoners have no freestanding right to a prison grievance process, see Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003), "a prisoner's fundamental right of access to the courts hinges on his ability to access the prison grievance system," Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir.1995), overruled on other grounds by Shaw v. Murphy, 532 U.S. 223, 230 n.2 (2001). Because filing administrative grievances and initiating civil litigation are protected activities, it is impermissible for prison officials to retaliate against prisoners for engaging in these activities. Rhodes, 408 F.3d at 567.

Plaintiff has alleged that he was retaliated against because he filed a harassment complaint and civil rights actions. However, Plaintiff makes only conclusory allegations. There are no facts alleged suggesting that any defendant retaliated against Plaintiff because he engaged in protected conduct. Accordingly, Plaintiff has failed to state a retaliation claim.

### E. Equal Protection

The equal protection clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class, Hartmann, 707 F.3d at 1123, Furnace, 705 F.3d at 1030, Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Thornton v. City of St. Helens, 425 F.3d 1158, 1166-67 (9th Cir. 2005), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02 (2008), Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000), Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008), North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

While Plaintiff alleges that he was targeted because of his race, there are no factual allegations suggesting that any defendant intentionally discriminated against Plaintiff because of his race. Accordingly, Plaintiff has failed to state an equal protection claim.

### F. Conspiracy

To state a claim for conspiracy under section 1983, Plaintiff must show the existence of an agreement or meeting of the minds to violate constitutional rights, Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001), and that an "actual deprivation of his constitutional rights resulted from the alleged conspiracy," Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1541 (9th Cir.1989)). Additionally, Plaintiff must show that Defendants "conspired or acted jointly in concert and

that some overt act [was] done in furtherance of the conspiracy." Sykes v. State of California, 497 F.2d 197, 200 (9th Cir. 1974).  "[M]ore than vague conclusory allegations are required to state a [conspiracy] claim." Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

While Plaintiff alleges that Defendants conspired to violate his rights, he only makes vague conclusory allegations.  There are no factual allegations suggesting that any defendants conspired together to violate his rights.[2]  Accordingly, Plaintiff has failed to state a conspiracy claim.

### V.    CONCLUSION AND ORDER

The Court has screened the complaint and finds that Plaintiff's Eighth Amendment sexual harassment claim against Deputy Van Ness should proceed passed the screening stage. The Court also finds that all of the other claims in Plaintiff's complaint fail to state a claim upon which relief may be granted.

Under Rule 15(a)(2) the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires."  Accordingly, the Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000).  Plaintiff is granted leave to file an amended complaint within thirty days.

If Plaintiff chooses to file an amended complaint, the amended complaint must allege constitutional violations under the law as discussed above.  Specifically, Plaintiff must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934.  Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

---

[2] It does not appear that Plaintiff brought a claim against the tech booth officer.

11

Plaintiff is advised that an amended complaint supersedes the original complaint, <u>Lacey v. Maricopa County</u>, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Alternatively, Plaintiff may choose to stand on this complaint, in which case the Court will issue findings and recommendations to a district judge consistent with this order.

Finally, Plaintiff may choose to notify the Court in writing that he does not want to file an amended complaint, and instead wants to proceed only on the claim found cognizable by the Court.

As to Plaintiff's motion to supplement his complaint, it will be denied because Plaintiff did not comply with this Court's local rules and because the supplement does not appear to be related to the claims in this case.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to supplement complaint (ECF No. 8) is DENIED;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall either:
   a. File a First Amended Complaint, which the Court will screen in due course;
   b. Notify the Court in writing that he does not want to file an amended complaint, and instead wants to proceed only on his Eighth Amendment sexual harassment claim against Deputy Van Ness; or
   c. Notify the Court in writing that he wants to stand on his complaint without further amendment, in which case the Court will issue findings and recommendations to a district judge consistent with this order.
3. Should Plaintiff choose to amend his complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:20-cv-00625-NONE-EPG; and

4. Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated:  **July 14, 2020**                             /s/ Erica P. Grosjean
                                                      UNITED STATES MAGISTRATE JUDGE

13