UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE DESHAWN BARNES,<br><br>     Plaintiff,<br><br>     v.<br><br>VAN NESS, et al.,<br><br>     Defendants. | Case No. 1:20-cv-00625-NONE-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF BE DENIED<br><br>(ECF NO. 13)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

Antoine Barnes ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. On July 29, 2020, the Court allowed this case to proceed on Plaintiff's Eighth Amendment sexual harassment claim against Deputy Van Ness. (ECF No. 12, p. 2). On that same day the Court issued findings and recommendations, recommending that all other claims and defendants be dismissed. (ECF No. 11, p. 2).

On August 5, 2020, Plaintiff filed a motion for injunctive relief. As Plaintiff's requests for injunctive relief appear to have no relationship to the claim proceeding in this case, the Court will recommend that it be denied.

\\\

\\\

1

## I. PLAINTIFF'S MOTION

At times Plaintiff's motion is difficult to understand. Plaintiff complains about various incidents in his motion. For example, Plaintiff alleges that deputy Travoto gave inmate Bernard the cellphone number of Plaintiff's parole agent. Deputy Travoto also told inmate Bernard to spread hate crimes to other inmates. Deputy Travoto also told inmate Bernard that Plaintiff is a sex offender. This placed Plaintiff's life in grave danger.

Plaintiff alleges that Inmate Pate is trying to steal Plaintiff's fame, icon, name, and logo. Inmate Pate, who is a stone-cold killer, is also trying to con his attorney and the Sheriff's Administration to deny Plaintiff's freedom. Additionally, inmate Pate is trying to get his attorney to set up illegal entrapments.

Plaintiff also alleges that Sergeant Collier retaliated against him by allowing deputy Travoto to commit hate crimes because Plaintiff has several civil cases against Hanford County Jail sheriffs.

Plaintiff also alleges that he sent out legal mail by having Deputy Sanchez use a red legal mail stamp. The mail was addressed to his attorney. However, Deputy Sanchez illegally walked past the mailbox and violated Plaintiff's rights by illegally opening the mail. Deputy Sanchez also illegally made copies of his complaint to spread to deputy Travoto.

Plaintiff also alleges that he is being illegally held past his release date.

Plaintiff asks that Deputy Sanchez, Deputy Travoto, Deputy Roberson, Sergeant Wilson, and Lieutenant Tolbert be fired immediately. Plaintiff also asks the Court "to protect full T.V. network, patent, an[d] copywrite [sic]" of Plaintiff's full name. Finally, Plaintiff asks to be released due to the coronavirus and the retaliation he is facing.

## II. LEGAL STANDARDS

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to

defend."). The court may not attempt to determine the rights of persons not before it. See, e.g., Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35 (1916); Zepeda v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983); see also Califano v. Yamasaki, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir. 2015).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

On the merits, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Glossip v. Gross, 135 S. Ct. 2726, 2736-37 (2015) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

**III.    ANALYSIS**

The Court will recommend that Plaintiff's motion for injunctive relief be denied. This case is only proceeding on Plaintiff's Eighth Amendment sexual harassment claim against Deputy Van Ness (ECF No. 12, p. 2), and the Court has recommended that all other claims and defendants be dismissed. (ECF No. 11, p. 2). However, Plaintiff's request for injunctive relief appears to have no relationship to his claim against deputy Van Ness. In fact, there are no allegations in the motion regarding deputy Van Ness. Plaintiff appears to attempt to connect his

motion to this case by alleging that certain officials are retaliating against him because of the civil rights actions he has filed, but Plaintiff submitted no evidence to support his conclusory assertion. Moreover, no retaliation claim is proceeding in this case. Accordingly, Plaintiff is not entitled to injunctive relief in this case based on the allegations in his motion. Pac. Radiation Oncology, 810 F.3d at 633 ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

To the extent Plaintiff is seeking injunctive relief based on claims that are in the current complaint but are not currently proceeding, the Court recommends that the motion be denied because Plaintiff is not likely to succeed on the merits of those claims. The Court has already found that none of these claims are cognizable. (ECF No. 9).

Therefore, the Court will recommend that Plaintiff's motion for injunctive relief be denied.

## IV. RECOMMENDATION

Accordingly, based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for injunctive relief be DENIED.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 6, 2020**          /s/ Erica P. Grosjean
                               UNITED STATES MAGISTRATE JUDGE