UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE DESHAWN BARNES,<br><br>       Plaintiff,<br><br>   v.<br><br>VAN NESS,<br><br>       Defendant. | No. 1:20-cv-00625-NONE-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 13, 14, 15, & 18) |

      Antoine Deshawn Barnes ("plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On August 6, 2020, the assigned magistrate judge entered findings and recommendations, recommending that plaintiff's motion for injunctive relief be denied. (Doc. No. 14 at 4.) Therein, plaintiff was provided an opportunity to file objections within fourteen days after being served with the findings and recommendations. The deadline to file objections has passed and plaintiff has not filed objections to the findings and recommendations. However, on August 10, 2020 and August 12, 2020, plaintiff did file two motions which the court construes as requests for injunctive relief. (Doc. Nos. 15 & 18.)

      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

The court will deny all three of plaintiff's motions for injunctive relief.  As the assigned magistrate judge pointed out in the pending findings and recommendations, this case is proceeding solely on plaintiff's Eighth Amendment sexual harassment claim brought against Deputy Van Ness.  (Doc. No. 12 at 2; Doc. No. 19.)  However, none the requests in plaintiff's motions for injunctive relief are related to this claim.  "Accordingly, Plaintiff is not entitled to injunctive relief in this case based on the allegations in his motion[s].  *Pac. Radiation Oncology*, 810 F.3d at 633 ('When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.')."  (Doc. No. 14 at 4).

Moreover, because plaintiff was transferred from county custody to state custody after he filed his motions (Doc. No. 20), it appears that plaintiff's motions for injunctive relief have now been rendered moot.  *See Rhodes v. Robinson*, 408 F.3d 559, 566, n. 8 (9th Cir. 2005); *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991); *Taylor v. Hubbard*, No. 1:10-CV-00404-LJO, 2013 WL 1222027, at *2 (E.D. Cal. Mar. 25, 2013) (citing *Knows His Gun v. Montana*, 866 F. Supp. 2d 1235, 1242–43 (D. Mont. 2012)), *report and recommendation adopted*, No. 1:10-CV-00404-LJO, 2013 WL 2102688 (E.D. Cal. May 14, 2013).

Accordingly, THE COURT HEREBY ORDERS that:

1. The findings and recommendations issued by the magistrate judge on August 6, 2020, are ADOPTED IN FULL; and
2. Plaintiff's motions for injunctive relief (Doc. Nos. 13, 15, & 18) are DENIED.

IT IS SO ORDERED.

Dated:  **September 28, 2020**

UNITED STATES DISTRICT JUDGE