1

2

3

4

5

6

7

8                                UNITED STATES DISTRICT COURT

9                                EASTERN DISTRICT OF CALIFORNIA

10

11   ANTOINE DESHAWN BARNES,                    Case No. 1:20-cv-00625-NONE-EPG (PC)

12              Plaintiff,                       FINDINGS AND RECOMMENDATIONS,
                                                 RECOMMENDING THAT PLAINTIFF'S
13        v.                                     REQUEST FOR AN ORDER UNDER THE
                                                 ALL WRITS ACT BE DENIED
14   VAN NESS,
                                                 (ECF No. 29)
15              Defendant.
                                                 OBJECTIONS, IF ANY, DUE WITHIN
16                                               TWENTY-ONE DAYS

17                                               ORDER DENYING PLAINTIFF'S REQUEST
                                                 FOR APPOINTMENT OF PRO BONO
18                                               COUNSEL, WITHOUT PREJUDICE

19                                               (ECF No. 29)

20                                               ORDER DIRECTING CLERK TO SEND
                                                 PLAINTIFF A COPY OF HIS COMPLAINT
21                                               (ECF No. 1)

22        Antoine Barnes ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* in this

23   civil rights action pursuant to 42 U.S.C. § 1983.

24        On November 18, 2020, Plaintiff filed a notice (ECF No. 29), which the Court construes

25   as a motion for an order under the All Writs Act and for appointment of pro bono counsel.  For

26   the reasons described below, the Court will deny Plaintiff's request for appointment of pro bono

27   counsel and recommend that Plaintiff's request for an order under the All Writs Act be denied.

28   \\\

                                               1

**I.    PLANITIFF'S MOTION**

Plaintiff is detained in Monterey County Jail.  Plaintiff alleges that he was racially targeted, harassed, racially profiled, and retaliated against by deputy Mark.  Deputy Mark deliberately stole and threw away all of Plaintiff's legal civil documents, including the complaint for this case, exhibits, and witnesses.  Plaintiff had five manila envelopes with all his civil legal court documents for this case.

Plaintiff asks the Court to have federal agents review the video footage of the K Unit for the month of October 2020, which will show other deputies entering Plaintiff's cell.  These deputies committed theft and a hate crime.

On several occasions, Plaintiff was racially profiled.

Deputy Mark made loud racial slurs, stating "THAT WEENIE WACKER BARNES DON[']T DESERVE RIGHTS TO NO T.V."!

Plaintiff has no civil documents to show proof, or to set up a defense at the conference.

The Watch Commander of Monterey County Jail was made aware of Deputy Mark's hate crime against Plaintiff.

Plaintiff was taken to suicide watch in October of 2020.

Plaintiff is being racially targeted and racially profiled by staff at Monterey County Jail. The staff are tampering with federal court documents in retaliation due to Defendant being a Sheriff.

Plaintiff asks the Court to send him a copy of his complaint.  Plaintiff also asks the Court to issue an order to have him transferred to the scheduling[1] conference in person because Monterey County Jail hates Black Lives Matter, plus they hate that Plaintiff is the "Thumbs Up Guy."  Plaintiff also asks the Court to grant him PLU pro per phones to call straight through to obtain a lawyer to help with Plaintiff's defense, due to Plaintiff's inability to show proof and set up a defense.  Plaintiff also asks the Court to grant appointment of counsel.  Finally, Plaintiff asks the Court to issue an order directing the Monterey County Jail Watch Commander to provide him

---

[1] Plaintiff uses the words "SETTLEMENT CONFERANCE [sic]," not "scheduling conference."  However, as no settlement conference has been set in this case, it appears that Plaintiff is referring to the scheduling conference, which is set for February 1, 2021, at 1:30 p.m.

1   with ink pens, legal papers, and the documents in Plaintiff's personal property that are at booking.

2   **II.      REQUEST FOR APPOINTMENT OF PRO BONO COUNSEL**

3   Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v.

4   Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952

5   (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28

6   U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa,

7   490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request

8   the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

9   Without a reasonable method of securing and compensating counsel, the Court will seek

10  volunteer counsel only in the most serious and exceptional cases.  In determining whether

11  "exceptional circumstances exist, a district court must evaluate both the likelihood of success of

12  the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the

13  complexity of the legal issues involved." Id. (citation and internal quotation marks omitted).

14  The Court will not order appointment of pro bono counsel at this time.  The Court has

15  reviewed the record in this case, and at this time the Court is unable to make a determination that

16  Plaintiff is likely to succeed on the merits of his claim.  Moreover, while there may be some

17  issues, it appears that Plaintiff can adequately articulate his claim.

18  Plaintiff is advised that he is not precluded from renewing his motion for appointment of

19  pro bono counsel at a later stage of the proceedings.

20  **III.     REQUEST FOR ORDER UNDER THE ALL WRITS ACT**

21  **a.  Legal Standards**

22  Under the All Writs Act, federal courts "may issue all writs necessary or appropriate in

23  aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C.

24  § 1651(a).  "The power conferred by the Act extends, under appropriate circumstances, to persons

25  who, though not parties to the original action or engaged in wrongdoing, are in a position to

26  frustrate the implementation of a court order or the proper administration of justice, and

27  encompasses even those who have not taken any affirmative action to hinder justice."  United

28  States v. New York Tel. Co., 434 U.S. 159, 174 (1977) (footnote and citations omitted).

"Thus, use of the All Writs Act is appropriate in prisoner civil rights cases where non-party correctional officials are impeding the prisoner-plaintiff's ability to litigate his pending action." Hammler v. Haas, 2019 U.S. Dist. LEXIS 48377, *3-4 (E.D. Cal., Mar. 22, 2019). See also Mitchell v. Haviland, 2015 U.S. Dist. LEXIS 109106, *5 (E.D. Cal., Aug. 18, 2015) ("Use of the All Writs Act is appropriate in cases where prison officials, not named as defendants, allegedly have taken action that impedes a prisoner's ability to litigate his case"); Lopez v. Cook, 2014 U.S. Dist. LEXIS 52198, 2014 WL 1488518 (E.D. Cal., Apr. 15, 2014) (issuing an order under the All Writs Act requiring prison officials to provide Plaintiff, who was in the Segregated Housing Unit for non-disciplinary reasons, with two contact visits with his counsel). However, "injunctive relief under the All Writs Act is to be used sparingly and only in the most critical and exigent circumstances," and only "if the legal rights at issue are indisputably clear." Brown v. Gilmore, 533 U.S. 1301, 1303 (2001) (citations and internal quotation marks omitted).

**b.  Analysis**

Plaintiff's request will be denied because Plaintiff has failed to show that staff at Monterey County Jail are impeding his ability to litigate this action.

To begin, while Plaintiff appears to allege that he is being retaliated against for prosecuting this case, Plaintiff has submitted no evidence to support this assertion.[2]

As to Plaintiff's allegation that all his legal property was destroyed, Plaintiff has not adequately explained how the alleged destruction of his legal property is preventing him from prosecuting this case.  The only document that Plaintiff specifically identifies as being destroyed is his complaint, and the Court will provide Plaintiff with a copy of that document.  Thus, while it is problematic if deputies destroyed Plaintiff's legal property, Plaintiff has not sufficiently shown that the alleged destruction of his property is impeding his ability to litigate this action. Moreover, Plaintiff asks the Court to direct the Monterey County Jail Watch Commander to provide him with his documents that are at booking so that he can "TRY TO SALVAGE A DEFENSE," which suggests that not all his relevant legal property was in fact destroyed.  Finally,

---

[2] If Plaintiff believes his civil rights are being violated by staff at Monterey County Jail, he may file a separate action against those defendants.

1 Plaintiff has not provided any evidence suggesting that anyone will attempt to destroy his legal
2 documents in the future.

3      As to Plaintiff's request for pens and paper, a lack of pens and paper could impede
4 Plaintiff's ability to litigate this case.  However, Plaintiff has not alleged that he does not have
5 adequate access to pens and paper.  Moreover, Plaintiff is filing documents in this case, including
6 a notice of change of address (ECF No. 24), a motion for default (ECF No. 27), and this request
7 for an order under the All Writs Act.  Thus, it appears that Plaintiff has some access to pens and
8 paper.

9      "[I]njunctive relief under the All Writs Act is to be used sparingly and only in the most
10 critical and exigent circumstances," Brown, 533 U.S. at 1303 (citation and internal quotation
11 marks omitted), and Plaintiff has failed to show that such circumstances exist here.  Accordingly,
12 Plaintiff's request for an order under the All Writs Act should be denied.[3]

13 **IV.   RECOMMENDATION AND ORDER**

14      Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's filing (ECF
15 No. 29), which the Court construes as a request for an order under the All Writs Act, be DENIED.

16      These findings and recommendations are submitted to the United States district judge
17 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within twenty-one
18 (21) days after being served with these findings and recommendations, any party may file written
19 objections with the court.  Such a document should be captioned "Objections to Magistrate
20 Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed
21 within seven (7) days after service of the objections.  The parties are advised that failure to file
22 objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v.
23 Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394
24 (9th Cir. 1991)).

25      Additionally, IT IS ORDERED that:

26      [3] While the Court is recommending that Plaintiff's request for an order under the All Writs Act be denied,
the Court will issue an order directing staff at Plaintiff's institution of confinement to make Plaintiff available by
27 phone at the scheduling conference.  The Court notes that, due to the coronavirus (COVID-19) outbreak, all
scheduling conference are conducted telephonically.  The Court also notes that the conference is to schedule this
28 case.  Plaintiff does not need to present evidence at the conference.

1          1. Plaintiff's filing (ECF No. 29), which the Court construes as a request for

2              appointment of pro bono counsel, is DENIED without prejudice; and

3          2. The Clerk of Court is directed to send Plaintiff a copy of his complaint (ECF No.

4              1).

6 IT IS SO ORDERED.

7 Dated:   **December 3, 2020**          /s/ _Erica P. Grosjean_

8                                  UNITED STATES MAGISTRATE JUDGE

6