UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ANTOINE DESHAWN BARNES, | Case No. 1:20-cv-00625-NONE-EPG (PC) |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF BE DENIED AND THAT ALL FUTURE REQUESTS FOR INJUNCTIVE RELIEF THAT PLAINTIFF FILES BE SUMMARILY DENIED IF THEY ARE CLEARLY UNRELATED TO THIS CASE |
| v. | |
| VAN NESS, | |
| Defendant. | |
| | (ECF NO. 31) |
| | OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

Antoine Barnes ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. On July 29, 2020, the Court allowed this case to proceed on Plaintiff's Eighth Amendment sexual harassment claim against Deputy Van Ness. (ECF No. 12). On that same day the Court issued findings and recommendations, recommending that all other claims and defendants be dismissed. (ECF No. 11). The findings and recommendations were adopted in full. (ECF No. 19).

On December 3, 2020, Plaintiff filed what the Court construes as a motion for injunctive relief. (ECF No. 31). As Plaintiff's motion for injunctive relief appears to have no relationship to the claim proceeding in this case, the Court will recommend that it be denied. As Plaintiff has repeatedly filed meritless motions for injunctive relief, the Court will also recommend that all

future requests for injunctive relief that Plaintiff files be summarily denied if they are clearly unrelated to this case.

## I. SUMMARY OF PLAINTIFF'S MOTION

Plaintiff alleges as follows in his motion:

Plaintiff continues to be sexually harassed, racially targeted, racially profiled, harassed, and retaliated upon through abusive authority.

Deputy C. Mitchell is committing hate crime acts and racially targeting Plaintiff's penis, telling women to hate, and to set Plaintiff up.  Deputy Mitchell is retaliating upon Plaintiff for his "'Gay Boy Gansta' homosexual gay partner Deputy VanNess spreaded hate emails thru out his CCPCA Gay Boy Gangsta Sheriff Gang to Deputy C. Mitchell who works around female nurses, mental health doctors to try to set [Plaintiff] up to try to interfer on stopping [Plaintiff] from proceeding on prevailing with this civil case # 1:20-cv-00625-NONE-EPG…."  (ECF No. 31, p. 1) (errors in original).

Plaintiff demands that Monterey County Jail Sheriff Mitchell be fired.  Plaintiff filed a citizen's complaint warranting investigations by the FBI and internal affairs.  However, Monterey County Jail still allows deputy Mitchell to sexually harass and racially target Plaintiff's penis in the privacy of Plaintiff's cell.

On November 28, 2020, deputy Langkiloe witnessed deputy Mitchell sexually harass Plaintiff and racially target Plaintiff's penis while Plaintiff was in the privacy of his own cell. Deputy Mitchell called via Walkie Talkie to deputy Langkiloe.  Deputy Langkiloe ran from the deputy's lunch area, through the hallway, before entering D-pod.

A review of the "breesway" cameras in front of D-pod will show deputy Mitchell sexually harassing Plaintiff and racially targeting his penis in front of a female nurse who had no knowledge who Plaintiff was.

Plaintiff is in constant fear of his life that deputy Mitchell and other Gay Boy Gangsta sheriffs will run into Plaintiff's cell while he is asleep and rape him.  Plaintiff demands a restraining order be placed against deputy Mitchell and that Deputy Mitchell be removed from full duties immediately.

2

Deputy Mitchell told violent inmate "Sureno" gang members to retaliate and attack Plaintiff by smashing and banging his right middle finger in a metal tray slot with rust all over the tray slot. This caused lacerations. Blood oozed out of Plaintiff's hand. Plaintiff was physically assaulted on November 24, 2020, and November 25, 2020. Plaintiff asks the Court to review the cameras inside D-pod.

During the assault, Plaintiff's attackers yelled "this is [illegible] Sureno gang you damn weenie wacker you dont deserve to have no rights to all T.V. networks, you dont deserve to be called 'thumbs up guy.' If we catch you out your cell were gonna kill you!" (ECF No. 31, p. 2) (errors in original).

Plaintiff demands that hate crime charges and sexual harassment charges be filed against deputy Mitchell and the violent Sureno gang members in cells D 204 and D 207.

Additionally, deputy Mitchell is denying Plaintiff his due process rights by not honoring Plaintiff's grievances through Monterey County Jail inmate tablets. They are throwing away Plaintiff's paper grievances as well, in order to stop Plaintiff from exhausting his administrative remedies and filing new sexual harassment charges on deputy Mitchell, who continues to retaliate for his Gay Boy Gangsta sheriff lover Deputy Van Ness.[1]

## II. LEGAL STANDARDS

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. See, e.g., Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35 (1916); Zepeda v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983); see also Califano v. Yamasaki, 442 U.S. 682, 702 (1979) (injunctive

---

[1] Plaintiff also alleges that he is being denied legal line paper and legal materials. (ECF No. 31, p. 2). The Court notes that it will accept filings from Plaintiff that are not on legal line paper. The Court also notes that, while Plaintiff is alleging he is being denied access to legal materials, in the last twenty-one days Plaintiff has filed a notice of change of address (ECF No. 24), a motion for default (ECF No. 27), a request for an order under the All Writs Act (ECF No. 29), and this motion for injunctive relief.

1 relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under
2 Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action,"
3 their "officers, agents, servants, employees, and attorneys," and "other persons who are in active
4 concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). "When a plaintiff seeks injunctive
5 relief based on claims not pled in the complaint, the court does not have the authority to issue an
6 injunction." Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir.
7 2015).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

On the merits, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Glossip v. Gross, 135 S. Ct. 2726, 2736-37 (2015) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

**III.   ANALYSIS**

The Court will recommend that Plaintiff's motion for injunctive relief be denied.

This case is only proceeding on Plaintiff's Eighth Amendment sexual harassment claim against Deputy Van Ness (ECF Nos. 12 & 19). However, Plaintiff's request for injunctive relief appears to have no relationship to this claim. Plaintiff appears to attempt to connect his motion to this case by alleging that deputy Van Ness and deputy Mitchell are lovers, and that deputy Mitchell is retaliating on behalf of deputy Van Ness, but Plaintiff submitted no evidence to support his conclusory assertions. Moreover, no retaliation claim is proceeding in this case. Accordingly, Plaintiff is not entitled to injunctive relief in this case based on the allegations in his motion. Pac. Radiation Oncology, 810 F.3d at 633 ("When a plaintiff seeks injunctive relief

based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

Additionally, there is nothing in Plaintiff's motion suggesting that defendant Van Ness has the authority to provide the injunctive relief Plaintiff is requesting. An injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). Given this, and that Plaintiff is seeking injunctive relief based on a claim not pled in the complaint, even if Plaintiff is entitled to the relief he is seeking, this is not the appropriate case to seek such relief.

Therefore, the Court will recommend that Plaintiff's motion for injunctive relief be denied.

Additionally, the Court will recommend that all future requests for injunctive relief that Plaintiff files be summarily denied if they are clearly unrelated to this case. Plaintiff has already filed three motions for injunctive relief that have been denied because they are not related to the claim proceeding in this case. (See ECF No. 21). Moreover, in another case filed by Plaintiff, the undersigned "caution[ed] Plaintiff against filing frivolous or excessive motions," and warned him that "[m]eritless motions may result in sanctions or an award of costs under the Federal Rules of Civil Procedure. *See, e.g.*, Fed. R. Civ. P. 11(c), 16(f), 26(g), & 37." Barnes v. Blackburn, E.D. CA, Case No. 1:20-cv-00333, ECF No. 21, p. 3. Despite the prior order in this case and the warning in Blackburn, Plaintiff once again filed a meritless motion for injunctive relief. Accordingly, the Court will also recommend that all future requests for injunctive relief that Plaintiff files be summarily denied if they are clearly unrelated to this case.

**IV.     RECOMMENDATIONS**

Accordingly, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's filing (ECF No. 31), which the Court construes as a motion for injunctive relief, be DENIED; and
2. All future requests for injunctive relief that Plaintiff files be summarily denied if they are clearly unrelated to this case.

These findings and recommendations are submitted to the United States district judge

5

assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 7, 2020**   /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE