UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE DESHAWN BARNES,<br><br>    Plaintiff,<br><br>    v.<br><br>VAN NESS,<br><br>    Defendant. | Case No. 1:20-cv-00625-NONE-EPG (PC)<br><br>ORDER FOLLOWING INITIAL SCHEDULING CONFERENCE |

Antoine Barnes ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On February 1, 2021, the Court held an Initial Scheduling Conference ("Conference"). Plaintiff telephonically appeared on his own behalf. Counsel James Arendt telephonically appeared on behalf of Defendant.

Neither party submitted a scheduling conference statement, and Plaintiff failed to serve defense counsel with his initial disclosures. Nevertheless, the Court held the Conference.

**A. Plaintiff's Conduct During Conference**

As described below, Plaintiff's conduct during the Conference was inappropriate for a Court appearance.

Throughout the Court appearance, Plaintiff interrupted the Court. Plaintiff's interruptions and outbursts escalated at the end of the Conference. Before concluding the Conference, the Court asked the parties if there were any other questions. In response, Plaintiff

1

alleged that mail sent by the Court to Plaintiff was being opened by staff at Monterey County Jail.  Plaintiff also alleged that he is being retaliated against and that he was assaulted by deputies.  Plaintiff asked the Court to direct the Clerk of Court to stamp "legal mail" on the envelope when the Court mails documents to Plaintiff, so that jail staff could not open that mail.

The Court informed Plaintiff that mail from the Court is not confidential because it is part of the public record.  "[P]risoners have a protected First Amendment interest in having properly marked legal mail opened only in their presence."  Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1211 (9th Cir. 2017).  However, "[m]ail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail."  Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996), opinion amended on denial of reh'g, 135 F.3d 1318 (9th Cir. 1998).

Plaintiff then interrupted the Court, asking the Court whether it was giving deputies permission to assault Plaintiff.  The Court attempted to answer Plaintiff's question, telling him that the Court was in no way saying that deputies have permission to assault Plaintiff.  Plaintiff once again interrupted, alleging that he was assaulted and that deputies were reading his confidential civil documents.  Plaintiff then stated in a loud voice "how would you feel if I go in your mail – mailbox– at your house, your neighbors, and just go open up your shit in front of your face?  That's not confidential."  After Plaintiff continued to speak over the Court and accuse the Court of sanctioning assault, the Court concluded the Conference.

**B.  Warning to Plaintiff**

The Court reiterates that it does not condone assault or retaliation.  If deputies are assaulting Plaintiff for filing this or other civil rights lawsuits, Plaintiff may file a separate action against those deputies for retaliation, among potentially other legal claims.

However, given the inappropriateness of Plaintiff's comments, use of profanity, constant interruptions, failure to file a scheduling conference statement, and failure to provide defense counsel with his initial disclosures, the Court warns Plaintiff that if he continues to make inappropriate comments (verbally or in writing), if he fails to comply with court orders, or if he fails to prosecute this case, he may be sanctioned, up to and including dismissal of this

action. *See, e.g.*, *Glas-Weld Systems, Inc. v. Boyle,* 2013 WL 4828965, at *1 (D. Or., Sept. 6, 2013) ("Given the exhibits attached to plaintiff's memorandum, in particular Exhibits 2, 3, 4 and 8, I find that an admonishment is warranted.  Michael Boyle is advised, that profanity, threats, and taunts have no place in this case and that such behavior will not be tolerated.  Michael Boyle shall conduct himself with professionalism and courtesy in all dealings with plaintiff and counsel; if he does not, I will consider imposing additional sanctions, monetary and otherwise."); *Scott v. Palmer,* 2014 WL 6685813, at *3 (E.D. Cal., Nov. 26, 2014) ("[D]uring the course of counsel's attempt to depose Plaintiff, the record well reflects his uncooperativeness and unreasonableness, and at one point, he told counsel to 'shut the fuck up. . . .'  The use of profanity toward counsel, or any other abusive conduct, is unacceptable and it is grounds for sanctions, including terminating sanctions.  Plaintiff's pro se status will not shield him from the consequences of abusive behavior, and he is required to behave with civility."); *Block v. Snohomish County,* 2014 WL 6750475, at *10 (W.D. Wash., Dec. 1, 2014) ("Ms. Block shall not use profanity or abusive invective in her oral or written communications with counsel.  If the court finds that Ms. Block has used profanity or abusive language in communications with Defendants' counsel, the court will impose monetary sanctions.") (footnote omitted).

### C. Orders Following Scheduling Conference

During the Conference, the Court addressed certain discovery matters.  For the reasons stated on the record, the Court orders as follows:

1. Plaintiff has thirty days from the date of service of this order to serve Defendant's counsel with his initial disclosures.  As discussed in the Court's prior order (ECF No. 26), Plaintiff shall provide Defendant with "[t]he name and, if known, the address and telephone number of each individual likely to have discoverable information−along with the subjects of that information−that [Plaintiff] may use to support [his] claims or defenses, unless the use would be solely for impeachment."  (Id. at 3).  Plaintiff shall also provide Defendant with

a "copy−or a description by category and location−of all documents, electronically stored information, and tangible things that [Plaintiff] has in [his] possession, custody, or control and may use to support [his] claims or defenses, unless the use would be solely for impeachment." (Id.)

2. If evidence or witness statements were generated from an investigation into the grievance filed by Plaintiff related to the allegations in the complaint, Defendant must promptly provide those documents to Plaintiff or submit them for *in camera* review.[1] The Court notes that defense counsel was not aware of any such documents, but agreed to perform a further search following the Conference.

IT IS SO ORDERED.

Dated:   **February 4, 2021**              /s/ Erica P. Grosjean
                                           UNITED STATES MAGISTRATE JUDGE

---

[1] The procedures for submitting documents for *in camera* review are included in the scheduling order.