UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE DESHAWN BARNES,<br><br>   Plaintiff,<br><br> v.<br><br>VAN NESS,<br><br>   Defendant. | Case No. 1:20-cv-00625-NONE-EPG (PC)<br><br>ORDER DISCHARGING ORDER FOR PLAINTIFF TO SHOW CAUSE WHY HE SHOULD NOT BE SANCTIONED FOR FAILURE TO PROSECUTE THIS ACTION<br><br>(ECF No. 41)<br><br>ORDER DENYING PLAINTIFF'S REQUESTS FOR THE COURT TO REVIEW CAMERAS AND TO SET A SETTLEMENT CONFERENCE<br><br>(ECF No. 42)<br><br>ORDER DIRECTING DEFENSE COUNSEL TO RE-SERVE PLAINTIFF WITH MOTION TO COMPEL |

  Antoine Barnes ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

  On July 14, 2021, Defendant filed a motion to compel, alleging that Plaintiff failed to respond to Defendant's discovery requests. (ECF No. 38, p. 2). Defendant also sent Plaintiff two meet and confer letters, but Plaintiff failed to respond to those as well. (Id.).

  The deadline for Plaintiff to respond to Defendant's motion to compel passed, and Plaintiff failed to respond to the motion. As it appeared that Plaintiff was not prosecuting this action, the Court ordered Plaintiff to show cause why "he should not be sanctioned, up to and

including the sanction of dismissal with prejudice, for failure to prosecute this action." (ECF No. 41, pgs. 1-2).

The order was returned as undeliverable. After the Court updated Plaintiff's address, the Court re-served the order to show cause on Plaintiff.

On September 27, 2021, Plaintiff filed a response to the order to show cause, a request for the Court to review cameras, and a request for the Court to set a settlement conference. (ECF No. 42).[1]

Plaintiff states that he was transferred multiple times and that his legal documents were stolen and lost, so Plaintiff was unable to contact the courts. Plaintiff states that his rights were clearly violated in this case and in Case No. 1:20-cv-00333, and he appears to ask the Court to "review cameras in both cases." (Id. at 1). Plaintiff also asks the Court to set a joint settlement conference "today." (Id. at 1-2).

As to Plaintiff's request for the Court to review cameras, it will be denied. As to Plaintiff's request for the Court to review video footage related to Barnes v. Blackburn, E.D. CA Case No. 1:20-cv-00333, this request should have been made in Barnes v. Blackburn, not in this action. However, the Court notes that Barnes v. Blackburn, E.D. CA Case No. 1:20-cv-00333, was dismissed on June 29, 2021.

As to Plaintiff's request for the Court to review video footage related to this case, if Plaintiff wants the Court to review video footage, he may request the footage from defense counsel, and he may submit the footage to the Court at the appropriate time, such as in opposition to a motion for summary judgment. The Court will not review footage unrelated to any such motion or evidentiary proceeding.

As to Plaintiff's request for the Court to set a joint settlement conference, it will also be

---

[1] At the end of his filing, after the signature line, Plaintiff also asks the Court to contact the Warden at California State Prison, Sacramento. (ECF No. 42, p. 3). Plaintiff makes this request because correctional officers are racially targeting, racially profiling, harassing, sexually harassing, and retaliating against Plaintiff. They also threw away Plaintiff's legal property, and one is threatening him if he continues with this action. The Court will not contact the Warden at this time. If correctional officers are interfering with Plaintiff's ability to prosecute this action, Plaintiff may file a separate motion for an order under the All Writs Act. The Court reminds Plaintiff that "[a]ll [] requests for injunctive relief that plaintiff files will be summarily denied if they are clearly unrelated to this case." (ECF No. 34, p. 2).

denied. Barnes v. Blackburn has been dismissed, and the defendant in this case has indicated that a settlement conference would be a waste of resources at this time. (ECF No. 39). Accordingly, the Court sees no reason to set a settlement conference at this time.

As to Plaintiff's response to the order to show cause, it is lacking in detail. Plaintiff does not explain when he lost access to his legal property or provide any explanation regarding attempts that he made to prosecute this action.

Nevertheless, given that Plaintiff is a prisoner proceeding *pro se*, that he was transferred repeatedly, and that he allegedly lost access to his legal property, the Court will discharge the order to show cause, direct defense counsel to re-serve the motion to compel, and give Plaintiff an additional opportunity to respond to the motion to compel.

The Court warns Plaintiff that if he fails to respond to the motion to compel (or any other motions filed by Defendant), if he fails to update his address, or if he fails to respond to this Court's orders, the Court may issue findings and recommendations, recommending that this action be dismissed for failure to prosecute and/or failure to comply with Court orders.

Accordingly, based on the foregoing, IT IS ORDERED that:

1. Plaintiff's request for the Court to review cameras is DENIED;
2. Plaintiff's request for the Court to set a joint settlement conference is DENIED;
3. The order to show cause entered on August 19, 2021, is DISCHARGED;
4. Defense counsel has until October 6, 2021, to re-serve the motion to compel (ECF No. 38) on Plaintiff; and
5. Plaintiff has until October 27, 2021, to file a response to Defendant's motion to compel.

IT IS SO ORDERED.

Dated:  **September 29, 2021**         /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE