UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE DESHAWN BARNES,<br><br>    Plaintiff,<br><br>v.<br><br>VAN NESS,<br><br>    Defendant. | Case No. 1:20-cv-00625-NONE-EPG (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO COMPEL<br><br>(ECF. Nos. 38 & 44) |

     Antoine Barnes ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

     On July 14, 2021, Defendant filed a motion to compel, arguing that Plaintiff failed to respond to Defendant's Request for Production of Documents (Set One) and Defendant's Special Interrogatories (Set One). (ECF No. 38). Plaintiff failed to respond to the motion. On September 29, 2021, the Court directed defense counsel to re-serve the motion and gave Plaintiff until October 27, 2021, to file a response. (ECF No. 43). On October 6, 2021, defense counsel re-served the motion. (ECF No. 44). On October 14, 2021, Plaintiff filed a response. (ECF No. 45). On October 15, 2021, without asking for permission from the Court, Plaintiff filed a second response. (ECF No. 46).

     Under Rule 37 of the Federal Rules of Civil Procedure, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). "District courts have 'broad discretion to manage discovery and to control

the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

The Court will grant Defendant's motion. Plaintiff failed to respond to Defendant's Request for Production of Documents (Set One) and Defendant's Special Interrogatories (Set One), as well as Defendant's meet and confer attempts. Additionally, in his replies, Plaintiff does not provide any reason as to why he should not be required to respond. Plaintiff's only relevant argument is that defense counsel failed to comply with this Court's order because she did not re-serve the motion to compel. Plaintiff asks for a $600,000 settlement because of this failure. However, defense counsel re-served the motion to compel on October 6, 2021. (ECF No. 44). Thus, defense counsel timely re-served the motion, this argument fails, and the Court will not sanction Defendant or defense counsel.

Plaintiff also includes arguments and facts in his responses that have no bearing on the motion to compel. The Court will not address these arguments or facts.[1]

As to Plaintiff's request for the Court to set a settlement conference "in person today" (ECF No. 46, p. 4), it will be denied. Defendant has indicated that he "does not believe that a settlement conference would be a good use of judicial resources and would result in unnecessary fees and expenses incurred by the County of Kings" (ECF No. 39, pgs. 1-2), and the Court will not order the parties to participate in a settlement conference at this time.

For the foregoing reasons, IT IS ORDERED that:

1. Plaintiff has thirty days from the date of service of this order to respond to Defendant's Request for Production of Documents (Set One) and Defendant's Special Interrogatories (Set One).

\\\

\\\

---

[1] For example, Plaintiff alleges that he was retaliated against, and that he is being retaliated against, by non-defendants. He also cites to law regarding documents submitted for *in camera* review, but provides no explanation as to why that law is relevant to the Court's decision on Defendant's motion to compel.

2. If Plaintiff fails to comply with this order, Defendant may move for sanctions, up to and including dismissal of this case.

IT IS SO ORDERED.

Dated: **October 25, 2021**              /s/ *Erica P. Grosjean*
                                         UNITED STATES MAGISTRATE JUDGE