UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE DESHAWN BARNES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VAN NESS,<br><br>　　　　　Defendant. | Case No. 1:20-cv-00625-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT'S MOTION TO DISMISS FOR PLAINTIFF'S FAILURE TO PROSECUTE AND/OR COMPLY WITH COURT ORDER BE GRANTED AND THAT DEFENDANT'S REQUEST FOR ATTORNEY'S FEES BE DENIED<br><br>(ECF No. 58)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

　　　　Antoine Barnes ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the complaint commencing this action on May 1, 2020.  (ECF No. 1).  This case is proceeding on Plaintiff's Eighth Amendment sexual harassment claim against defendant Van Ness based on allegations that defendant Van Ness snuck up to Plaintiff's cell door, and with the help of a tech booth officer, listened to Plaintiff masturbate.  (ECF Nos. 1, 12, & 19).

　　　　On January 7, 2022, Defendant filed a motion to dismiss for Plaintiff's failure to prosecute and/or comply with court order.  (ECF No. 58).  "Defendant Deputy Mason Van Ness ("Defendant") moves this Court for an award of terminating sanctions due to Plaintiff's failure to prosecute and [] comply with court orders.  Defendant also requests an award of monetary sanctions for attorney's fees incurred in the preparation of this motion." (Id. at 1)

1

(citations omitted). The deadline for Plaintiff to respond to the motion has passed and Plaintiff did not oppose or otherwise respond to the motion.

Given Plaintiff's failure to participate in discovery, despite being ordered to do so by the Court, and Plaintiff's failure to oppose this motion, the Court will recommend that Defendant's motion be granted and that this action be dismissed, with prejudice. However, the Court will also recommend that Defendant's request for attorney's fees be denied.

## I. DEFENDANT'S MOTION

"On July 14, 2021, Defendant filed a motion to compel due to Plaintiff's failure to respond to Defendant's Request for Production of Documents (Set One) and Defendant's Special interrogatories (Set One). Plaintiff did not respond to the motion." (ECF No. 58, p. 1) (citation omitted).

"On September 29, 2021, the Court directed Defendant to re-serve the motion to compel on Plaintiff and gave Plaintiff until October 27, 2021 to file a response. Defendant re-served the motion on October 6, 2021." (Id.) (citation omitted).

"Plaintiff filed two responses, once on October 14, 2021, and another on October 15, 2021. Neither response provides any explanation as to why Plaintiff did not respond to Defendant's Request for Production of Documents and Special Interrogatories, Sets One." (Id. at 2) (citations omitted).

"On October 25, 2021, this Court issued its Order Granting Defendant's Motion to Compel. Plaintiff was given thirty days from the date of service of the order to respond to Defendant's discovery at issue. The order also cautioned Plaintiff that if he failed to comply with the order, Defendant may move for sanctions, 'up to and including dismissal of this case.'" (Id.) (citations omitted).

"As of the date of the filing of this motion, Plaintiff has failed to respond to the discovery." (Id.).

Defendant moves for dismissal pursuant to Federal Rule of Civil Procedure 37 because "Plaintiff has repeatedly failed to participate in the prosecution of his lawsuit. It is beyond dispute that his failure to comply with the rules of discovery and obey the orders of this Court

2

are within his control and are therefore willfull [sic]. Plaintiff has received time extensions, motions, and warnings, yet continues to refuse to comply with the rules of discovery, or obey the orders of this Court. In fact, Plaintiff continuously files irrelevant documents that do not relate to this case whatsoever. To date, Plaintiff has not provided any explanation for his disobedient conduct." (Id. at 2-3).

"Defendant also requests further monetary sanctions for the fees associated with the preparation of this motion and supporting declaration in the amount of $410.00." (Id. at 3-4).

## II. LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v), the Court may dismiss an action if a party fails to obey an order to provide discovery. "A district court should consider five factors before imposing the sanction of dismissal: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1022 (9th Cir. 2002).[1]

"Besides weighing the foregoing factors, the district court must also determine that the violations of discovery orders were due to the willfulness, bad faith, or fault of the party. Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault." Hyde & Drath v. Baker, 24 F.3d 1162, 1167 (9th Cir. 1994), as amended (July 25, 1994) (citation omitted).

## III. ANALYSIS

### a. Request for Terminating Sanctions

As described by Defendant, Plaintiff has repeatedly refused to participate in discovery or prosecute this case.

The Court held a scheduling conference in this case on February 1, 2021. (ECF No. 25). "[G]iven the inappropriateness of Plaintiff's comments, use of profanity, [and] constant

---

[1] These same factors apply when determining whether to dismiss an action for failure to prosecute. Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

interruptions" at the conference, as well as Plaintiff's "failure to file a scheduling conference statement[] and failure to provide defense counsel with his initial disclosures," the Court warned Plaintiff "that if he continues to make inappropriate comments (verbally or in writing), if he fails to comply with court orders, or if he fails to prosecute this case, he may be sanctioned, up to and including dismissal of this action." (ECF No. 37, pgs. 2-3).

On August 19, 2021, the Court ordered Plaintiff to show cause why this action should not be dismissed for failure to prosecute because Plaintiff failed to respond to Defendant's discovery requests, meet and confer letters, and motion to compel. (ECF No. 41). According to the motion to compel, Defendant filed a Request for Production of Documents (Set One) and Interrogatories (Set One). (ECF No. 38, p. 2). In the discovery requests, Defendant requested relevant documents, including medical and mental health records related to the injury Plaintiff allegedly suffered, witness statements Plaintiff had in his possession, and complaints Plaintiff submitted to the County of Kings regarding the alleged incident. (ECF No. 38-1, pgs. 8-9). Defendant also asked Plaintiff to identify all witness that support his contention that defendant Van Ness sexually harassed him. (Id. at 16). Plaintiff failed to produce any documents in response to Defendant's Request for Production of Documents and failed to respond to Defendant's Interrogatories. (ECF No. 38, p. 2).

While the Court discharged the order to show cause and gave Plaintiff another opportunity to respond to the motion to compel, the Court found that Plaintiff's response to the order to show cause was lacking in detail and that Plaintiff did not provide an explanation regarding attempts he made to prosecute this action. (ECF No. 43, p. 3). The Court also warned Plaintiff "that if he fails to respond to the motion to compel (or any other motions filed by Defendant), if he fails to update his address, or if he fails to respond to this Court's orders, the Court may issue findings and recommendations, recommending that this action be dismissed for failure to prosecute and/or failure to comply with Court orders." (Id.).

While Plaintiff ultimately filed a response to the motion to compel, there was no

indication that he provided any responses to the discovery requests,[2] and he did not provide any reason as to why he should not be required to respond. (ECF No. 47, p. 2). Accordingly, the motion to compel was granted. (ECF No. 47). The Court ordered Plaintiff to respond to the discovery requests within thirty days, and warned Plaintiff that, "[i]f Plaintiff fails to comply with this order, Defendant may move for sanctions, up to and including dismissal of this case." (Id. at 3-4). Plaintiff does not dispute that he once again failed to respond to Defendant's discovery requests.

Given that Plaintiff once again failed to respond to Defendant's discovery requests, even after being ordered to do so by the Court, and that Plaintiff has not provided any explanation for this failure, the Court finds that Plaintiff's failure to comply with this Court's order is willful. There is no indication that anything outside of Plaintiff's control prevented him from comply with this Court's order to respond to the discovery requests.

Additionally, after weighing the factors, the Court finds that dismissal with prejudice is appropriate. As to the first factor, "the public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). This case was filed on May 1, 2020 (ECF No. 1), and non-expert discovery closed on October 1, 2021 (ECF No. 36). Defendant timely filed his discovery requests on April 20, 2021. (ECF No. 38, p. 2). Non-expert discovery has now been closed for over five months, and Defendant still has not received responses to his discovery requests. Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). Defendant served his discovery requests on April 20, 2021 (ECF No. 38, p. 2), and filed

---

[2] Plaintiff did attach documents to his oppositions to the motion to compel, but Plaintiff did not allege that he previously provided those documents to Defendant or that he was providing them in response to Defendant's discovery requests.

1  his motion to compel on July 14, 2021 (ECF No. 38).  Despite being given numerous
2  opportunities to respond to the discovery requests or explain why he should not have to,
3  Plaintiff has failed to do either, despite being ordered to respond by the Court.  Plaintiff's
4  failure to prosecute this case and to comply with this Court's order has, and will continue to,
5  interfere with docket management.  Therefore, the second factor weighs in favor of dismissal.

6  Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in
7  and of itself to warrant dismissal." Id. (citing Yourish, 191 F.3d at 991).  However, "delay
8  inherently increases the risk that witnesses' memories will fade and evidence will become
9  stale," id. at 643, and it is Plaintiff's failure to prosecute this case and to comply with this
10 Court's order that is causing delay.  Moreover, Defendant still has not been provided with
11 responses to his discovery requests, despite having made the discovery requests over ten
12 months ago.  Therefore, the third factor weighs in favor of dismissal.

13 Because public policy favors disposition on the merits, this factor weighs against
14 dismissal.  Id.

15 As for the availability of lesser sanctions, given that Plaintiff has chosen not to
16 prosecute this action and has failed to comply with this Court's orders, despite being warned
17 repeatedly of possible dismissal, there is little available to the Court which would constitute a
18 satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of
19 its scarce resources.  Considering Plaintiff's incarceration and *in forma pauperis* status, it
20 appears that monetary sanctions are of little use.  And as it appears that Plaintiff has decided to
21 stop prosecuting this case (Plaintiff repeatedly failed to respond to Defendant's discovery
22 requests and failed to respond to Defendant's motion for terminating sanctions), excluding
23 evidence would be a meaningless sanction.  The Court also finds that the lesser sanction of
24 dismissal without prejudice is not appropriate given the stage of the case (non-expert discovery
25 has closed and the dispositive motion deadline has passed), and the time and resources that
26 Defendant has already expended in defending this action.[3]  See, e.g., Morris v. Joelson, 2021

---

28  [3] Defendant filed an answer (ECF No. 25), attended the scheduling conference (ECF No. 35), provided initial disclosures to Plaintiff (see, e.g., ECF No. 46, p. 19), filed several status reports (ECF No. 39, 52, 59), sent

WL 3847642, at *1 (E.D. Cal. Aug. 27, 2021), report and recommendation adopted, 2021 WL 4594132 (E.D. Cal. Oct. 6, 2021) (dismissing case with prejudice for failure to prosecute and comply with court orders where the plaintiff failed to respond to Defendant's written discovery requests, failed to respond to a motion to dismiss under 28 U.S.C § 1915(g), repeatedly failed to provide initial disclosures as ordered by the Court, and failed to attend the scheduling conference); Gaines v. Brown, 2021 WL 2337247, at *1 (E.D. Cal. June 8, 2021), report and recommendation adopted, 2021 WL 3048358 (E.D. Cal. July 20, 2021) (dismissing case with prejudice for failure to prosecute and failure to comply with a court order where the plaintiff failed to respond to a summary judgment motion, despite being granted extensions of time to do so); Martinez v. Lutz, 2018 WL 5879724, at *1 (E.D. Cal. Nov. 7, 2018), report and recommendation adopted sub nom. Capuchino Martinez v. Lutz, 2018 WL 6615071 (E.D. Cal. Dec. 10, 2018) (dismissing case with prejudice at the screening stage for failure to prosecute and failure to comply with court orders where the plaintiffs failed to file a new *in forma pauperis* application, failed to file an amended complaint, and failed to respond to an order to show cause why the action should not be dismissed).

After weighing the factors, the Court finds that dismissal with prejudice is appropriate.

b. Request for Attorney's Fees

The Court next turns to Defendant's request for attorney's fees. If a party does not obey a discovery order, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). As described above, Plaintiff failed to comply with this Court's order directing him to respond to Defendant's discovery requests. However, the Court finds that the circumstances in this case, including that Plaintiff is proceeding *pro se*, that Plaintiff is proceeding *in forma pauperis*, that Plaintiff is incarcerated, and that the Court is recommending dismissal of this action with prejudice, make an award of expenses unjust.

---

out discovery requests, attempted to meet and confer with Plaintiff regarding the discovery requests, filed a motion to compel, and filed this motion to dismiss.

Accordingly, the Court will recommend that Defendant's request for attorney's fees be denied.

## IV. RECOMMENDATIONS

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. Defendant's motion to dismiss for Plaintiff's failure to prosecute and/or comply with court order be GRANTED;
2. Defendant's request for attorney's fees be DENIED;
3. This case be dismissed, with prejudice, because of Plaintiff's failure to comply with a court order and to prosecute this case; and
4. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 11, 2022**                         /s/ Erica P. Grosjean
                                                                    UNITED STATES MAGISTRATE JUDGE