UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE DESHAWN BARNES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VAN NESS,<br><br>　　　　　Defendant. | No. 1:20-cv-00625-JLT EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING THE ACTION WITH PREJUDICE<br><br>(Docs. 58, 60) |

　　　　Antoine Barnes seeks to hold Deputy Van Ness liable for a violation of his civil rights arising under the Eighth Amendment at Hanford County Jail pursuant to 42 U.S.C. § 1983. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On January 7, 2022, Defendant filed a motion to dismiss for Plaintiff's failure to prosecute and/or comply with the Court's order pursuant to Rule 37 of the Federal Rules of Civil Procedure. (Doc. 58.) Defendant also requested an award of attorney's fees. (*Id.*) On March 11, 2022, the assigned magistrate judge found "Plaintiff failed to respond to Defendant's discovery requests, meet and confer letters, and motion to compel." (Doc. 60 at 4.) The magistrate judge also found Plaintiff failed to comply with the Court's order to respond to the discovery requests, despite being informed that if he "fail[ed] to comply with this order, Defendant may move for sanctions, up to and including dismissal of this case." (*Id.* at 5, quoting Doc. 47 at 3-4.) The magistrate

1    judge determined Plaintiff's failure to comply with the order was willful because there was no
2    explanation provided for the failure, and "no indication that anything outside of Plaintiff's control
3    prevented him from comply with this Court's order to respond to the discovery requests." (*Id.*)
4        Finding Plaintiff willfully failed to comply with the Court's order, the magistrate judge
5    considered whether termination sanctions were appropriate, applying the factors identified by the
6    Ninth Circuit in *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002).
7    (Doc. 60 at 3, 5-6.) The magistrate judge observed that "[n]on-expert discovery has now been
8    closed for over five months, and Defendant still has not received responses to his discovery
9    requests." (*Id.* at 5.) The public's interest in expeditious resolution and the Court's need to
10   manage its docket thus weighed in favor of dismissal. (*Id.* at 5-6.) The magistrate judge also
11   found the risk of prejudice weighed in favor of dismissal. (*Id.* at 5.) Finally, the magistrate judge
12   determined monetary and evidentiary sanctions were not feasible. (*Id.* at 6.) Thus, the magistrate
13   judge recommended the motion to dismiss be granted and action be dismissed with prejudice
14   "given the stage of the case (non-expert discovery has closed and the dispositive motion deadline
15   has passed), and the time and resources that Defendant has already expended in defending this
16   action." (*Id.*) Due to the recommendation for terminating sanctions— and considering Plaintiff's
17   *in forma pauperis* status—the magistrate judge found an award of fees and expenses would be
18   unjust, and recommended Defendant's request be denied. (*Id.* at 7-8.)
19       The parties were granted fourteen days to file any objections to the Findings and
20   Recommendations. (Doc. 60 at 8.) Defendant did not file any objections. On March 21, 2022,
21   Plaintiff filed his objections, asserting the magistrate judge is corrupt and committed racial
22   profiling and racial targeting against Plaintiff in this matter. (*See* Doc. 61 at 1-3.) Importantly,
23   however, Plaintiff demonstrates no more than dissatisfaction with the recommendation of
24   terminating sanctions while making these unsubstantiated claims of bias. Plaintiff has not
25   identified any facts to undermine the findings of the magistrate judge. It is undisputed that
26   Plaintiff failed to respond to Defendant's discovery requests, despite the Court order.
27       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this
28   Court conducted a *de novo* review of this case. Having carefully reviewed the entire matter, the

Court concludes the Findings and Recommendations are supported by the record and proper analysis.  Accordingly, the Court **ORDERS**:

    1.    The Findings and Recommendations dated March 11, 2022 (Doc. 60) are **ADOPTED**.

    2.    Defendant's motion to dismiss (Doc. 58) is **GRANTED**.

    3.    Defendant's request for attorney's fees is **DENIED**.

    4.    This action is **DISMISSED** with prejudice.

    5.    The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **April 21, 2022**

*[Signature: Jennifer L. Thurston]*
UNITED STATES DISTRICT JUDGE